IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JEFFREY JAMES,                       )
                                     )
                Plaintiff,           )
                                     )
        v.                           )      1:09CV552
                                     )
R.J. REYNOLDS TOBACCO COMPANY,       )
                                     )
                Defendant.           )

                        **MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court pursuant to the parties' Motion for Entry of Consent Protective Order. (Docket Entry 13.) The proposed order provides definitions of "Confidential Information" that appear consistent with Federal Rule of Civil Procedure 26(c). Further, in empowering the parties to designate material as "Confidential Information," the proposed order requires the parties to single out only material that they, in good faith, believe falls within the scope of Rule 26(c). (See Docket Entry 13-1 at 1-2.) In these respects, the parties have established an appropriate foundation for a protective order of this type.

    However, in addition to setting conditions on the circumstances under and manner by which they might use materials they designate as "Confidential Information," the parties' proposed Joint Stipulation and Protective Order states as follows:

                    **Information Filed with the Court**

        7.  When a party seeks to file under seal
    confidential documents, things, and/or information,
    including confidential portions of any transcript, a
    party shall submit such materials to the court pursuant
    to the CM/ECF procedures for submitting sealed documents.
    A submission under seal will presumptively be allowed
    subject to subsequent objection by a party or unsealing

>     by order of the Court.  Nothing herein shall be construed
>     as requiring the filing of confidential documents under
>     seal.

(Id. at 5.)  The parties' proposal does not address what, if any, justification the parties would submit to the Court with these sealed filings.

For the reasons stated in Haas v. Golding Transp. Inc., No. 1:09CV1016, 2010 WL 1257990 (M.D.N.C. Mar. 26, 2010) (unpublished), the Court will not enter the proposed Consent Protective Order as currently drafted.  Instead, the Court will afford the parties an opportunity:  1) to submit an "Amended Consent Protective Order" that addresses the matters outlined in Haas regarding prospective sealing orders; or 2) to file a motion for reconsideration and supporting brief setting out argument and/or authority showing that the existing proposal complies with controlling precedent.

If they choose the former option, the parties:  1) may omit the paragraph regarding sealed court filings all together; or 2) they may revise that aspect of their proposal.  To the extent that any such revised version continues to provide prospectively for the filing of documents under seal, the parties:  1) shall re-caption the proposal as "Consent Protective Order and Prospective Sealing Order"; and 2) shall incorporate into said proposed order a description of the court filings covered by the prospective sealing provision (e.g., discovery-related motions, dispositive motions, etc.), a statement explaining the need for any sealing (including

why alternatives would not suffice), and references to applicable case law.[1]

**IT IS THEREFORE ORDERED** that the parties' Motion for Entry of Consent Protective Order (Docket Entry 13) is DENIED.

**IT IS FURTHER ORDERED** that the parties may submit an "Amended Consent Protective Order" consistent with the terms of this Memorandum Opinion and Order or, alternatively, may file a motion for reconsideration asking the Court to enter the "Consent Protective Order" as drafted, with a supporting brief that demonstrates the propriety of the original proposal.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                    **United States Magistrate Judge**
April 26, 2010

---

[1] The Court foresees that, because "[a] party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden," Jennings v. University of N.C. at Chapel Hill, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004), fashioning a prospective sealing provision for filings of that sort will be difficult. However, given the existence of significant authority indicating that "[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access," Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001), it is easier to envision a prospective sealing provision limited to such motions. See also Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("'[G]ood cause' is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . ., but no such right as to discovery motions and their supporting documents."); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings."). Cf. In re Policy Mgt. Sys. Corp., 1995 WL 541623, at *4 (stating "that a document becomes a judicial document when a court uses it in determining litigants' substantive rights" (emphasis added)).